UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRELL PICKETT,

    Petitioner,

v.                                               Case No. 19-cv-423-pp

CHRIS BUESGEN,[1]

    Respondent.

**ORDER SCREENING HABEAS PETITION (DKT. NO.1), DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 10) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On March 25, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his August 5, 2014 conviction in Milwaukee County Circuit Court for possession with intent to deliver cocaine. Dkt. No. 1 at 1-2. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and orders the respondent to respond. The order also denies the petitioner's April 15, 2020 motion for temporary restraining order. Dkt. No. 10.

---

[1] The petition listed "Warden J McDermitt" as the respondent. Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The Wisconsin Department of Corrections inmate locator indicates the petitioner currently is in custody at the Stanley Correctional Institution in Stanley, Wisconsin. General Public-Offender Search, available at https://appsdoc.wi.gov/lop/home.do (last visited October 15, 2020). Chris Buesgen is the present warden of that institution. The court has updated the caption accordingly.

1

## I. Background

### A. Underlying State Court Proceedings

In April 2014, a jury convicted the petitioner of one count of possession with intent to deliver cocaine; four months later, the court sentenced him to ten years of initial confinement and seven years of extended supervision. Id.; see also State v. Pickett, Milwaukee County, Case No. 13CF005240 (available at https://wcca.wicourts.gov). On January 22, 2016, the petitioner filed a post-conviction motion in Milwaukee County Circuit Court in which he requested appointment of post-conviction counsel, post-conviction discovery and a new trial based on new evidence. Id. He also brought claims of prosecutorial misconduct and ineffective assistance of counsel, asserting that his counsel failed to raise several meritorious arguments prior to (and at) trial. The circuit court denied the motions on February 3, 2016. Id.

On August 30, 2016, the petitioner appealed his conviction and the denial of his post-conviction motion. Dkt. No. 1 at 3. He argued ineffective assistance of counsel, prosecutorial misconduct, "[p]ost-conviction discovery demand, [n]ewly discovered evidence" and "[c]laim [p]reclusion[.]" Id. In October 2017, the Wisconsin Court of Appeals affirmed the conviction and the order denying postconviction discovery and relief. Id. The petitioner sought relief in the Wisconsin Supreme Court, and that court denied his petition on April 9, 2018. Id.

B.   Federal *Habeas* Petition (Dkt. No. 1)

The petition states three grounds for relief. First, the petitioner asserts multiple theories for ineffective assistance of counsel: (1) counsel "[f]ailed to move for a Frank/Mann suppression hearing;" (2) "[c]ounsel never filed a discovery demand;" (3) counsel should have moved to suppress mention of the money as contraband; (4) counsel should have called certain witnesses; (5) counsel failed to investigate and gather exculpatory evidence; and (6) counsel failed to suppress photos. Dkt. No. 1 at 6-7; Dkt. No. 1-1 at 1-4. His second ground raises three theories of prosecutorial misconduct—he charges the state with committing a "Frank Violation;" committing a "discovery/disclosure violation" and "knowing use of false perjured testimony/evidence." Id. at 7. The third ground for relief alleges "estoppel/ claim preclusion." Id. at 8. Under the heading for the fourth ground for relief, the petitioner wrote, "Newly discovered evidence [petitioner] no longer wishes to advance this issue." Id. at 9.

## II.   Rule 4 Screening

A.   Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage,

3

the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

4

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Analysis

The petition states that the Wisconsin Supreme Court declined review of the petitioner's case on April 9, 2018. Dkt. No. 1 at 3. The petitioner filed this federal petition on March 25, 2019, within the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations period. See §2244(d).

The petitioner has cited three grounds for federal *habeas* relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) collateral estoppel. The first two are cognizable claims on federal *habeas* review. See, *e.g.*, Kimbrough v. Neal, 941 F.3d 879 (7th Cir. 2019) (ineffective assistance of counsel); Baer v. Neal, 879 F.3d 769 (7th Cir. 2018) (prosecutorial misconduct).

The petitioner's third claim—which he titles "estoppel/claim preclusion"—requires explanation. The court borrows from the background section of the Wisconsin Court of Appeals' decision. Dkt. No. 1-2 at 133. On May 31, 2013, Milwaukee police officers stopped a car on suspicion of overly tinted windows. Id. at 134. The petitioner sat in the passenger seat. Id. The officers ordered the petitioner out of the car and upon conducting a pat-down of him, discovered a bundle of $2,273 in cash. Id. Officers then arrested the petitioner because they observed what appeared to be a large amount of cocaine on the front passenger floorboard. Id. Officers took the petitioner and

the driver into custody and impounded the $2,273. Id. The Court of Appeals wrote:

> For reasons that are not evident from this record, the State initially declined to charge [the petitioner] with a crime. The district attorney's office issued a letter on July 8, 2013, stating it had declined to issue charges. Pickett was then able to obtain his $2,273 from the City of Milwaukee on July 18, 2013.

Id. at 135. Three months later, in November 2013, the state charged the petitioner with one count of possession with intent to deliver more than forty grams of cocaine as party to a crime. Id.

The petitioner's estoppel argument for federal *habeas* relief asserts that once the state returned his money, it implicitly admitted that the money was not contraband, and could not later use facts relating to the money at trial. Dkt. No. 1-1 at 16-17. Framed properly, this ground of the petition argues a Fourth Amendment claim; the petitioner essentially argues that certain evidence should have been suppressed.

Claims for federal *habeas* relief under the Fourth Amendment are generally barred, "so long as the state court granted [the petitioner] a full and fair hearing on the claim." Monroe v. Davis, 712 F.3d 1106, 1112-13 (7th Cir. 2013) (citing Stone v. Powell, 428 U.S. 465 (1976)). "Establishing that the petitioner was not granted a full and fair hearing is thus the means of surmounting the *Stone* bar and opening the door to federal review of the merits of the petitioner's Fourth Amendment claim." Id. (citing Wallace v. Kato, 549 U.S. 384, 395, n.5 (2007)). The court doubts that the petitioner could fit within the "extremely narrow circumstances" allowing him to advance a Fourth

6

Amendment claim on *habeas* review. Sutton v. Pfister, 834 F.3d 816 (7th Cir. 2016).

The court would not prohibit the petitioner from advancing his "estoppel" arguments within the context of his ineffective assistance of counsel claims, as he did to the Wisconsin Court of Appeals. There is no prohibition against the petitioner arguing his Fourth Amendment claim within the context of a Sixth Amendment, ineffective assistance of counsel claim. Kimmelman v. Morrison, 477 U.S. 365 (1986) (restrictions on federal *habeas* review of Fourth Amendment claims in Stone v. Powell do not extend to Sixth Amendment ineffective assistance of counsel arguments premised on a failure to raise Fourth Amendment claim); Sutton v. Pfister, 834 F.3d 816 (7th Cir. 2016)). At the screening stage, the court will not bar the petitioner's third ground for relief but cautions that he must meet a very high bar for the court to consider that claim.

Regarding exhaustion, it appears that the petitioner has presented arguments for ineffective assistance of counsel, prosecutorial misconduct and "estoppel" to each level of the Wisconsin state courts, and ultimately was denied relief. The court cannot determine from the petition or its attachments that these claims are procedurally defaulted. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion and procedural default questions; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his

7

claims and has procedurally defaulted one or all of his claims, or from filing pleadings based on either such argument.

### III.     Motion for Temporary Restraining Order (Dkt. No. 10)

On April 15, 2020, the petitioner filed a motion under Federal Rule of Civil Procedure 65 asking for his immediate release. Dkt. No. 10. The motion states that the petitioner's ongoing imprisonment constitutes irreparable harm; that the balance of hardship favors the petitioner; that he is likely to succeed on the merits; and that his release would be in the public's interest. Id. at 1. The petitioner's supporting declaration and memorandum of law argue the merits of his *habeas* grounds; he says that he must be immediately released because his ongoing incarceration constitutes irreparable harm. Dkt. Nos. 8, 9.

Under Rule 65, preliminary injunctive relief is "an extraordinary and drastic remedy" which should only be granted if "the movant, *by a clear showing* carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). The petitioner's Rule 65 motion seeks release pending the resolution of his *habeas* claim; he must convince the court by a clear showing that he is entitled to such relief.

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners);

8

see also Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus . . . A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").

A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his post-conviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence until long after the defendant has been convicted.

Thus, courts should consider the requirements of the federal statute that governs bail pending appeal for a federal conviction (18 U.S.C. §3143(b)) as a preliminary barrier to addressing the merits of a motion for release. Id. at 337-38 ("a defendant who cannot bring himself within its terms is not entitled to bail pending . . . decision of his postconviction motion."). Under §3141(b), the court may grant release pending appeal only if it finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger" to the community; and (B) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a favorable determination.

9

Release pending §2254 relief is not appropriate in this case. First, the petitioner has not provided any evidence that he is not likely to flee or pose a danger to the community if released. Second, even if the petitioner could assure the court of those things, the threshold for *habeas* relief is high. See 28 U.S.C. §2254(d). The petitioner's recitation of his claim and his citations of case law do not prove that he will be able to meet his burden and obtain relief. The court understands that the petitioner strongly believes that he is entitled to *habeas* relief. Most petitioners who file §2254 petitions feel just as strongly. But even the very few petitioners who prevail on *habeas* relief have difficulty convincing federal courts to release them while the state decides whether to retry them. The court has no basis for releasing the petitioner and will deny his Rule 65 motion.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **DENIES** the petitioner's motion for temporary restraining order. Dkt. No. 10.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that the respondent is now Chris Buesgen, the Warden at Stanley Correctional Institution.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with

Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

11

Case 2:19-cv-00423-PP   Filed 10/19/20   Page 11 of 12   Document 12

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 19th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**