UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRELL PICKETT,

        Petitioner,

v.                                                  Case No. 19-cv-423-pp

CHRIS BUESGEN,[1]

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW *HABEAS* PETITION (DKT. NO. 22) AND DISMISSING CASE WITHOUT PREJUDICE**

---

      On March 25, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction in Milwaukee County for possession with intent to deliver cocaine. Dkt. No. 1 at 1-2. On October 19, 2020, the court screened the petition, allowed the petitioner to proceed, ordered the respondent to answer or otherwise respond and denied the petitioner's motion for a temporary restraining order. Dkt. No. 12. After the parties had fully briefed the petition, the court received from the petitioner a letter indicating that he "would like to withdraw" his petition. Dkt. No. 22.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner currently reports to an unspecified "Supervised Living Facility." https://appsdoc.wi.gov/lop/home.do. The petitioner most recently was in custody in Stanley Correctional Institution. Id. This order reflects Warden Chris Buesgen as the respondent.

1

This order grants the petitioner's letter motion to withdraw the petition and dismisses the case.

## I. Background

### A. Underlying State Case

#### 1. *Trial in Milwaukee County Circuit Court*

The Wisconsin Court of Appeals' October 3, 2017 order affirming the circuit court's judgment and denial of postconviction relief provided the factual background of the petitioner's charge:

> On May 31, 2013, Milwaukee Police Officer John Shipman and his partner stopped a car at approximately 1:45 a.m. on suspicion that the windows were overly tinted. Officer Gregory Kuspa and his partner assisted with the stop.
>
> Shipman approached the passenger side of the vehicle, followed by Kuspa, and yelled for the driver to roll down the windows. The driver rolled the windows down halfway. Shipman could see that the front seat passenger—[the petitioner]—had his right arm slung across his body, but could not see [the petitioner's] right hand. Shipman told [the petitioner] to show his hands; [the petitioner] hesitated. Shipman repeated the command; [the petitioner] complied, still hesitant. Shipman directed [the petitioner] to get out of the car, which he did, nervously and without making eye contact.
>
> Based on [the petitioner's] behavior, Shipman believed he might be armed, so the officer conducted a pat-down of [the petitioner] and discovered a large bulge in his front pants pocket. [The petitioner] told Shipman it was approximately two thousand dollars in cash. At that point, Kuspa told Shipman to put [the petitioner] in handcuffs because Kuspa had spotted what appeared to be a large amount of cocaine on the front passenger floor board. When Shipman handcuffed [the petitioner], the driver of the car, later identified as Paul Hendriex, fled on foot, though he was apprehended after a short chase. Both [the petitioner] and Hendriex were taken to the police station. [The petitioner's] money, totaling $2273, was impounded.
>
> Shipman advised [the petitioner] of his rights and began an interrogation. [The petitioner] first told Shipman he had been at the Potawatomi casino earlier, and the money was his winnings.

> However, he could not specify how he had won the money, nor did he specify what time he was at the casino. He had also told Shipman that his winnings had been paid all in hundred-dollar bills, but the money included smaller denominations. [The petitioner] said he ran into Hendriex at the casino, got a ride from him, and fell asleep in the car. When he woke up, police were stopping the car and Hendriex threw something at his feet.
>
> As Shipman continued his interview, [the petitioner] admitted he had not met Hendriex at the casino. Rather, Hendriex had picked him up outside Hendriex's house. They stopped at two other houses, where Hendriex went inside for about five minutes each time; they were never at the casino. [The petitioner] told Shipman that he did not know what Hendriex was up to and did not know about the cocaine until Hendriex told him it was cocaine just before throwing it at his feet.

Dkt. No. 15-5 at ¶¶2-6.

On November 24, 2013, the State filed a complaint in Milwaukee County Circuit Court charging the petitioner with one count of possession with intent to deliver more than forty grams of cocaine as a party to a crime and as a second or subsequent offense. State v. Derrell R. Pickett, Milwaukee County Case No. 2013CF005240 (available at https://wcca.wicourts.gov). On April 24, 2014, a jury found the petitioner guilty of that offense. Id. On August 4, 2014, the Milwaukee County Circuit Court sentenced the petitioner to ten years of initial confinement followed by seven years of extended supervision. Dkt. No. 15-1 at 2. The clerk entered judgment the following day. Id.

On February 1, 2016, the petitioner filed a motion for postconviction relief under Wis. Stat. §809.30. Pickett, Milwaukee County Case No. 2013CF005240. "The motion for relief alleged multiple claims of ineffective assistance of trial counsel and prosecutorial misconduct and a single claim of

3

newly discovered evidence." Dkt. No. 15-5 at ¶9. Two days later, the circuit court denied the motion. Pickett, Milwaukee County Case No. 2013CF005240.

### 2. *Wisconsin Court of Appeals Decision*

On February 23, 2016, the petitioner filed a notice of appeal. Id. On October 3, 2017, the Wisconsin Court of Appeals affirmed the circuit court's judgment and denial of postconviction relief. Dkt. No. 15-5. It perceived the appeal to raise seven claims for relief: (1) the circuit court should have granted a Franks/Mann[2] hearing; (2) "photos of [the petitioner's] impounded money were improperly used at trial;" (3) a defective DVD recording constituted a discovery violation and the court should have granted the petitioner's postconviction discovery motion to obtain another copy; (4) the circuit court erroneously denied the petitioner's postconviction motion based on newly discovered evidence; (5) prosecutorial misconduct; (6) ineffective assistance of counsel; and (7) the interests of justice required relief. Id. at ¶11.

The court of appeals rejected each of the petitioner's claims. The court found that the circuit court reasonably declined to hold a Franks/Mann hearing because "even with the omitted information about the money's return

---

[2] "In *Franks v. Delaware,* 438 U.S. 154 . . . (1978), the Supreme Court held that when a defendant makes a substantial preliminary showing that the police procured a warrant to search his property with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid." United States v. McMurtrey, 704 F.3d 502, 504 (7th Cir. 2013). In State v. Mann, the Wisconsin Supreme Court held that a defendant may allege the omission of facts necessary for an impartial judge to fairly determine probable cause. State v. Mann, 123 Wis. 2d 375, 385-86 (1985).

inserted into the complaint, probable cause was not absent." Id. at ¶¶16, 18. It reasoned that despite the return of the petitioner's money, the complaint still alleged that the petitioner "was in a vehicle with illegally tinted windows, acting hesitantly, with a large amount of cocaine at his feet and a large amount of cash on him," and "multiple signs that the cocaine was meant for sale." Id. at ¶17. The return of the petitioner's money did not mean that it was not contraband, and therefore, the State did not improperly introduce photographs of the money at trial. Id. at ¶22. The court further found that the circuit court did not abuse its discretion in denying the petitioner's motion for postconviction discovery. Id. at ¶¶23-27. The Wisconsin Court of Appeals concluded that the circuit court properly denied the petitioner's motion for a new trial based on an affidavit of a casino patron named Olympia Williams. Id. at ¶¶28, 32. It reasoned that it was "not reasonably probable that the jury would accept Williams' testimony that [the petitioner] had won all of that money at blackjack at Potawatomi when [the petitioner] himself could not say how he won the money and eventually disavowed being at Potawatomi at all." Id. at ¶32.

Noting the State's "wide discretion in choosing whether to prosecute," the fact that the petitioner did not adequately develop one of his arguments and the fact that a failure to disclose material that was not exculpatory did not prejudice the petitioner, the court of appeals determined that the circuit court properly had denied the petitioner's prosecutorial misconduct claims. Id. at ¶¶35-37. The court concluded that the petitioner's ineffective assistance of

counsel claims were undeveloped or meritless. Id. at ¶¶40-43. Finally, because the petitioner's interests-of-justice claim relied on claims of error that the court already had rejected, the court of appeals denied relief. Id. at ¶44.

In November 2017, the petitioner filed a petition for review in the Wisconsin Supreme Court. State v. Derrell R. Pickett, Appeal No. 2016AP000384 (available at https://wscca.wicourts.gov). Five months later, the Wisconsin Supreme Court denied review. Dkt. No. 15-8.

B.  Federal *Habeas* Petition

On March 25, 2019, the petitioner filed this federal *habeas* petition. Dkt. No. 1. The petition asserted several ineffective assistance of counsel claims, several prosecutorial misconduct claims and a "estoppel/ claim preclusion" claim. Id. at 6-9. On October 19, 2020, the court screened the petition, allowed the petitioner to proceed and ordered the respondent to answer or otherwise respond. Dkt. No. 12. Two months later, the respondent answered the petition. Dkt. No. 15.

On March 1, 2021, the petitioner filed a brief in support of the petition. Dkt. No. 18. In his brief, the petitioner argued that trial counsel had provided ineffective assistance in (1) failing to "move for a Franks/Mann hearing," id. at 7-11; (2) failing to obtain discovery, id. at 11-12; (3) failing to file a suppression motion, id. at 12-14; (4) failing "to obtain a working copy of [the petitioner's] interrogation," id. at 14; (5) failing "to do a proper pretrial investigation," id. at 15-16; and (6) failing to call witnesses, id. at 16-18. Regarding prosecutorial misconduct, the petitioner contended that the prosecutor "committed a

6

Franks/Mann violation," failed to disclose material exculpatory evidence and presented false evidence. Id. at 18-21.

On June 14, 2021, the respondent filed an opposition brief. Dkt. No. 21. The respondent asserted that the petitioner's claims were conclusory, undeveloped, procedurally defaulted and otherwise meritless. Id. at 10-31.

## II. Petitioner's Motion to Withdraw (Dkt. No. 22)

On June 30, 2021, the court received from the petitioner a letter stating that he would like to withdraw his petition. Dkt. No. 22. The letter states:

> After careful consideration I would like to withdraw my federal habeus [sic] corpus. I know longer wish to appeal this case. Please send me a copy of the courts acknowledgement of this withdrawl [sic]. Also please send a copy to Stanley Correctional institutions records department for verification. Thank you!

Id.

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in *habeas* cases. Rule 41 of the Federal Rules of Civil Procedure says that a plaintiff may dismiss a case without a court order through a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). "Unless the notice or stipulation states otherwise," such a dismissal is without prejudice. Id. at (a)(1)(B). In all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. at (a)(2). "Unless the order states otherwise," such a dismissal also is without prejudice. Id.

7

The clerk's office docketed the petitioner's letter as a "Motion to Withdraw Habeas Petition." Dkt. No. 22. The respondent has not filed anything in response to the letter. The parties have filed no other documents in the six months since the court received the petitioner's letter motion. The court concludes that dismissal is proper and will dismiss the case.

### III. Conclusion

The court **GRANTS** the petitioner's motion to withdraw his petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 22. The court **ORDERS** that the petition is **DEEMED WITHDRAWN**.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**